May it please the Court? My name is Michael Heshin. I'm counsel for Appellant Serva, Inc. and Allied Van Lines, Inc. at counsel table with me is my colleague Andrew Wenger. The first issue I'd like to address with the Court is its order dated February 1st regarding the regulations that are referenced. Before we get to that, I just want to make sure I understand how this case is now before us. Was there a final judgment of the entire case in the district court dismissal? No, but what the U.S. Supreme Court has held is that a court, an order that has denied arbitration is immediately appellable on an interlocutory matter. Even though the rest of the case is pending in the district court? The remainder of the case has been stayed in the district court. You don't need a 54-D servant? Not in the case of an arbitration request that's been denied. It's 1292A. I mean, there's a specific statute that says if it's in the nature of an injunction, and that's what the Supreme Court has said, right? Right, that's right. So that's how we're before the Court. Second thing before we get to our order. As I read section 14708B6, a carrier in your position may not require a shipper to agree to utilize arbitration prior to the time that a dispute arises. Am I wrong about that? That language is in there, Your Honor. That's correct. Why doesn't that decide the case? Because that language refers to the expedited arbitration that's mentioned in 14708. It's very different than any other sort of arbitration. It shortens the statute of limitation of a Carmack Amendment claim to four months. And it requires an award within 60 days. And if it's more than $10,000, it's not binding on the parties. And so the reason that language is in there is not to have a carrier kind of trick a shipper into missing his deadline by putting it in at a pre-dispute level. So that language doesn't apply more broadly to claims under the Carmack Amendment. Okay. In relation to the Court's order regarding the regulations that are referenced in the arbitration agreement at issue, the formal name for that regulation is the Dubai Chamber of Commerce and Industry Commercial Conciliation and Arbitration Regulation. I'll just refer to that as regulation. The bottom line there is I think both, as I read your supplemental responses, you agree that the default venue for arbitration is Dubai. Is Dubai. Unless it would be Dubai. Smallwood does not have a unilateral right to insist that the arbitration take place in the United States. Is that correct? It favors the Dubai international arbitration. Not that it favors. That's not my question. That the default position, absent mutual agreement of the parties or some order of the Dubai arbitration panel, Smallwood cannot insist that any arbitration occur within the United States. He would have to request that from the arbitration panel. Right. That's right. And therefore, under the Carmack, isn't it, under 14706, isn't it true that the plaintiff, the shipper, is guaranteed a civil action in the jurisdiction in which the carrier operates? No, Your Honor. Under 14706, the language is permissive. It says may be brought in the United States district court or state court. Legal Deloitte, which we just discussed, I'm sorry. May be. May be. Yes. Yes. As opposed to shall be. Shall is used eight other times in that statute. May is used ten times. If the legislature intended it to be mandatory as opposed to permissive, it could have said shall. And, in fact, in 11706, which relates to rail carriers, they say may only. Well, no, it goes, it says may only be, and it's a narrower subset. That's right. That's right, Your Honor. Under 14706, it says it may be in the district. The 11-7, whatever the number is, shrinks it even further. So that's at least one plausible reading. That is a plausible reading, though, when you're considering international arbitration. Any doubts in that regard must be favored and must be resolved in favor of the international arbitration. I'm not sure there's a conflict here, but if there is, the Federal Arbitration Act, which is the enabling act of the New York Convention, would say that concerns of international common require that the international arbitration agreement must be honored, even assuming that the contrary result would be forthcoming in a domestic context. I understand your argument in that regard, but what do you do with the fact that the CARM Act has been reenacted several times since the arbitration act, so that it is later in time in that sense, and Congress has not seen fit to change the language, although you read the language as just merely permissive and having no binding effect on anybody? Well, Your Honor, the CARM Act amendment has been amended several times, but it's been in force since 1916. The United States signed on to the New York Convention and executed the Federal Arbitration Act in 1970. And at the time, it had the opportunity to exclude certain disputes from the New York Convention. And, in fact, the United States did do that. It excluded arbitration agreements that were not commercial, and it excluded contract agreements that were not in writing. The United States could have said it's excluding claims arising out of the CARM Act amendment. It chose not to do so. Okay. And so the question we have before the Court is this interplay between the CARM Act amendment and the Federal Arbitration Agreement. And this Court has noted in Ballin v. Holland, American, that there's a very limited inquiry that the Court should conduct, whether it's in writing, whether it favors the territory of a convention signatory, whether it's commercial, and that it's not entirely domestic. All those four elements are clearly met here. The interplay comes when you have the Federal Arbitration Act conflicting with another statute. And this Court dealt with that in two recent cases, in Rogers v. Royal Caribbean and in Ballin v. Holland, American. Both of those related to 46 U.S.C. Section 10313, which states, quote, That language is very similar to that in the CARM Act amendment, which states, as the Court said, a claim, quote, may be brought in a United States district court or in a state court. The same result of the two cases are Rogers v. Royal Caribbean and the second is Ballin v. Holland, American. And the Court came to a conclusion that the Convention Act overcomes any presumption deriving from statutory language that the Court shall remain open in a case in which a party has signed an otherwise enforceable international agreement to arbitrate. And such should be the case here. Unless the Court has any other questions, I'm going to reserve my remaining time and just sum up with the point that Plaintiff Smallwood, when he signed this contract, was a UAE resident. He signed this contract with a UAE carrier to move his goods to the UAE. It is fundamentally a fair and impartial arbitration agreement. Thank you. MS. DOUGLAS. Good morning, Your Honor. If it please the Court, my name is Michelle Douglas, and I represent Plaintiff Lieutenant Colonel Gary Smallwood. I'd like to focus initially, Your Honors, on the issue of subject matter jurisdiction, which is a problem in this case. As we pointed out in our petition for writ of mandamus, we do not believe that it has been established that CARMAC actually does apply to this case. And I think the change in law on Regal Beloit is quite instructive on that point. I'd also like to point out that though this Court denied our petition for a writ, the basis for that is that getting a writ of mandamus is quite an extraordinary measure, and that this case didn't justify such an extraordinary measure. However, that doesn't mean that this Court can't and shouldn't consider its own jurisdiction before ruling on the case at bar. The current papers actually state that federal jurisdiction is based on the Federal Arbitration Act. In fact, that cannot be an independent basis for jurisdiction. Under the Moses H. Cone Memorial Hospital case, the Supreme Court determined that FAA is not a sufficient basis for, independent of a different federal basis. So they have to establish that CARMAC, the CARMAC amendment applies to this case in order for this to have federal jurisdiction. There is no federal jurisdiction in this case, and I think that the Regal Beloit case out of the Supreme Court is instructive, although it doesn't change the arguments that we had raised in our petition. If that case had come to my attention before the decision had been issued on that petition, I would have filed a letter with the Court bringing it to the Court's attention. But, of course, Judge Fischer, I know, is well aware of it. The issue, though, is that it goes into the very detailed nitty-gritty of why CARMAC applies and why it has to involve a through bill of lading. And here there is no through bill of lading that has been provided to the plaintiffs or to the Court that establishes that CARMAC should apply. There has to be, for CARMAC to apply, there has to be a ground portion of the transportation that is covered by a bill of lading which also covers the sea portion of the transportation. In this case, defendants have never produced such a bill of lading. In our site, in our papers, this is at tab 7, exhibit 8. The pages aren't numbered, but it's identified at the top of the page as document 22-8, page 18 of 34. We show an example of a bill of lading that was attached to a pleading in another case. This is what Allied Van Lines issues as its standard bill of lading, and it shows quite clearly the exact address from which the shipment originates, how it will be shipped to the sea, and how it will be shipped by sea, and what the ultimate destination is. None of that information is provided on the quote and the acceptance of quotation on which the defendants rely and call a bill of lading for purposes of these motions. Your client's claim, as I understand you articulated here today, is that your client was the victim of negligence. He's been damaged by the negligent hacking of the shipment, which was not to include firearms and turned out to include firearms. In part, absolutely. That's basically it? There's both a contract aspect and a court aspect, yes. And it's pure state law question? That was certainly our intention. What was the basis for removal? It was entirely CARMAC, and they also cited COGSA. There's no diversity? Well, no, it's not based on diversity. It's based on COGSA. That wasn't my question. Is there diversity? I don't believe there is diversity. Or at least you tried to plead around it. I'm sorry? Or at least you tried to plead around it? No, I don't think we did. You just don't think it exists? Yeah, he had been a California resident at the time he entered into the contract. So it was removed based on federal question? Correct. I believe, to clarify, I believe he was living in the UAE at the time we initiated the lawsuit. I believe he's considered a stateless person, and therefore there can't be diversity on that basis. It's been a long time since I looked into the issue, though, so don't quote me on that. But I believe that was the basis why we determined there was no diversity. But he was a resident of California? He was a resident of California. At the time the claim negligent act occurred. Exactly. At the time we filed the lawsuit, though, he was residing in. And just to clarify, he's no longer in the UAE because he was facing deportation. He had to relocate back to the states. Just so I now understand the posture from your viewpoint, you would say that there's no federal question jurisdiction at all and it should go back to state court? Absolutely, Your Honor. Okay. And in that context, whether it stays in federal or not, let's set that aside, wherever it's being heard, what's the role in that lawsuit of the arbitration clause? Well, the arbitration clause, then we would get to the second layer, if you will, of our objection to the arbitration, which is that that arbitration clause is contained in an acceptance of, quote, it's actually contained in a terms and conditions sheet which was attached to an e-mail which contained the acceptance of quotation, one-page form with about, you know. So you would try to avoid it as a binding arbitration clause? We would try to avoid it based on the fact that it's unconscionable both procedural and substantively based on small print and et cetera, et cetera. But also because, and more importantly, because that contract dealt explicitly with shipping. Our client, my client, handed all of his property over to the defendants with two pieces of paper in hand. One of them lists, listed all the goods that were to be stored, and that's Exhibit A to the complaint. The second document listed the things to be shipped. It included about five items, and I believe it also mentioned a car, although the car, it was understood that the car was to be shipped, whether it's listed on there or not. Thank you. I'm getting a little lost in the procedure here. We are here on appeal on what is essentially a preliminary injunction appeal, as I understand it, right? And what you're saying is you want us to resolve the question of whether the district court had jurisdiction, federal question, subject matter jurisdiction at all. If the district court had no subject matter jurisdiction, then we don't have jurisdiction, except insofar as we have jurisdiction to decide the appeal, but we don't have jurisdiction, so all the other matters, substantive matters, are not before us, right? Do I follow correctly? I would agree, Your Honor. Okay. Now, by its nature, the issues you are raising are not part of the appeal as framed by the appellant here. So how were these issues presented in the district court? But you say they are in the district court record, so we can look at them there, right? Well, interestingly, yes. The plaintiff did raise and has raised from the beginning this issue that the Carmack amendment doesn't apply. And how? We did a motion to remand that was denied. It was also argued at length in the motions to dismiss filed by both defendants. And the motion to remand was denied. Correct. And that is not an appealable order. Exactly. But it is there. And the motion to dismiss was ruled on and denied? Granted in part and denied in part. On this issue that you are now raising, it was denied. On the Carmack amendment, it's a very complex opinion, and the opinion is at tab 2 of the excerpts. Essentially, the court held that the – there are some aspects of plaintiff's claims that are preempted by Carmack. And he believes that anything arising from the shipment, including the shipment of things that my client intended never to have leave California, that anything that arises from that shipment has to be preempted by Carmack. It's our position that those have nothing to do with Carmack. If he never intended them to be shipped, then how does an international shipping statute have any application to them? He wanted them to stay put in California. And so it's our position that that's all – that Carmack may apply to a couple of minimal objections we had. For example, when the property was unloaded and gone through by customs on the port in Abu Dhabi, the police went through it all with great violence, and they actually broke some things. And so we do have an objection to the fact that some things were damaged in the course of that. Nevertheless, that's the minimal part of this. The main wrong that was done was that property that was never intended to be subject to shipping got put into a shipping container nevertheless. So that – the court did keep several of – a couple of plaintiffs' claims. But I'm – I – I – okay. I'm concerned with – you're making certain factual assertions about what he was handed, what he had, what the bill of lading looked like and all that. And my – what I'm trying to sort out here is how was this raised in the district court and how – you know, we can't resolve facts here. And what is the record on this? And how did the district court resolve this argument, this factual argument that you're making, that there was no bill of lading for purposes of the common commandment? Well, that's part of our reason for – for our writ, is that there isn't a – there are issues of fact here. No, no. I'm sorry. It was a how question. I'm sorry. How did the district court resolve it? The court – the court basically ignored the objection. The court accepted the – that this is a Carmack case from the beginning and basically it rejected – you know, rejected our contention that it can't apply the shipping items. I see that my red light has come on. Can I continue? Go ahead. The – the court – the court denied our motion to remand and held that they believed that these – some of these contract aspects of the dispute had to arrive from the supposed to be shipped or not. As far as the bill of lading, we repeatedly objected to the fact that there is no bill of lading in the record and that that's a necessary precondition to a Carmack finding. And the court apparently disagreed. He doesn't really rule in detail. Our motion to remand, of course, was denied. And we did – we did request a ruling that this be certified for interlocutory appeal. And the court denied that request as to every aspect of plaintiff's case. So all of these issues are basically going to be backed up before Your Honors at some point down the road. I can't wait. I'm sure, Your Honor. If I could just summarize briefly – well, not summarize, but the – my concern, as is stated in the Regal Beloit Supreme Court decision, is that the Carmack case cannot – or the Carmack amendment can't apply unless it's requirement that the initial ground transportation issue – the initial ground transporter issue a bill of lading. That requirement is a fundamental step. So if no bill of lading was issued during that step, then Carmack can't apply. Okay. Let's assume that Carmack does apply. Okay. Does the reading that the defendant is urging on us that May does not – in the statute 707 – 14706, May is simply permissive and that does not violate the Carmack Act? We completely disagree with that position. Well, I thought you did. And the reason for that is that the word May, in that sense, is that the shipper may bring an action anywhere he pleases. The shipper, at his discretion, can bring an action in any judicial district where the defendant does business. That's exactly what my client did by filing in San Diego. The prohibition contained in the – the arbitration clause contained in this shipping agreement, which, again, had only to do with the things that were to be shipped. It had nothing to do with the things that were to be stored. But that – that arbitration clause cuts completely against this requirement under Carmack that the plaintiff is required or is permitted to bring his lawsuit anywhere he wants. And in this case, he wants to bring it in San Diego, if nothing else, because he's not going to be permitted back into the UAE in order to pursue an arbitration. Thank you, Your Honor. Okay. Thank you. Thank you, Your Honor. A couple of – Where is the bill of lading that – on which you rely to invoke the Carmack amendment? It is the contract that the lower court found was the bill of lading. And the – I'm sorry. I didn't mean give me a verbal description. Tell me where it is in the record that I can – I can actually look at it, read it, touch it. It's tab 4, Your Honor, at page – This is marked Exhibit A. Allied picture. That's it. That's it. And this is what you rely on as a bill of lading. I'm not challenging. I'm just – I just want to make sure. It's a bill of lading that goes from Exhibit A, page 3, to 4, 5, 6, 7, and 8, including the signature on page 8, which says expressly that the terms and conditions on the back are incorporated therein. And the court found that there was one contract for the portion that was purportedly meant to be maintained in storage and the part that was supposed to be shipped internationally. That was the court's finding. So – And that's your client's – I'm sorry. This is on page 8 is small with signature? That is my understanding, that it's very small with signature. There's been no dispute that it's not with signature. In fact, I think in the record there's a concession that he did sign it. I believe that to be the case. I'd just like to make one last point. I'm sorry. And these other pages were on the form that he signed or were they – They were sent to him in an email in PDF format. So he saw all of it before he signed it. He received it on November 21st, I think it was, 2007, and signed it four days later. He had – and he was having communications, and this is in the record as well, Your Honor, emails back and forth with my client about price, about the way it was going to be shipped, all those different things. If he had questions about the terms and conditions, he could have asked. He didn't do that. He signed. The final point I'd just like to make is that counsel made a point that Mr. Smallwood might not be allowed back in the UAE. That's complete conjecture, Your Honor. He was never deported. He was in Dubai for over a year and a half after this occurred. Wasn't he prosecuted? He was prosecuted, yes, he was. And convicted? He was convicted, Your Honor. That's right. Yes, and he appealed and his appeal was denied, but he was never deported. There was never a deportation order issued. Sounds like a voluntary departure to me. Well, he did depart voluntarily, but there's nothing saying that he couldn't come back to prosecute his case. There's nothing in there that says that. Yeah, this is INS lingo. A voluntary departure is not really voluntary. I understand, Your Honor, but this departure was voluntary. He was not forced to go, and there's still no deportation order. If there's nothing else. Okay. Thank you. Thank you. Okay, I'll just submit it. Did you have something else? Oh, okay. Do you want to make sure the clerk has your name, spelling, and everything? Okay, this is how you will send it to me when we are adjourned. All rise. I don't know what you're saying. I'm sorry.
judges: Kozinski, Hawkins, Fisher